IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ERIE INSURANCE PROPERTY AND
CASUALTY COMPANY,

       Plaintiff,

v.               CIVIL ACTION NO. 2:12-cv-09233

JASON SPERRY, et al.,

       Defendants.

**MEMORANDUM OPINION & ORDER**

  Pending is Defendant Bethany Haga's Motion to Dismiss or Stay [Docket 37]. The motion is ripe for review. For the reasons discussed below, the motion is **DENIED**.

**I. Background**

  **A. Factual Background**

  This is a declaratory judgment action in which the plaintiff, Erie Insurance Property and Casualty Company ("Erie"), asks the court to find that an insurance policy it issued does not apply to claims made by defendant Bethany Haga against defendant Jason Sperry.

  Mr. Sperry was the policyholder of the insurance policy in question, Fivestar Contractors' Policy number Q27-642-0085 (the "policy"). (Compl. for Decl. Relief [Docket 1] ¶ 9). Under the section entitled "WHO IS AN INSURED," the policy provides that "[i]f you are designated in the Declarations as . . . [a]n individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner." (Policy, General Liability Coverage Form

1

[Docket 1-1], at 19). According to the policy, Mr. Sperry's business involves "CARPENTRY – FRAMING & CABINETRY WORK (NO ROOFING)." (Policy, Declarations [Docket 1-1], at 1). The policy covered Mr. Sperry's business, JNS Handyman, which he operated out of his home at 542 Ben's Fork Road, in Charleston, West Virginia (the "premises"). (*Id.*)

The incident for which Ms. Haga requests coverage took place on the night of November 12, 2011, when Ms. Haga and her two-year-old and four-year-old children were on the premises. Ms. Haga alleges that she was at the premises to discuss construction work that Mr. Sperry would be performing for her. Erie contends that it was a social visit that included both parties consuming alcohol. Shortly after 12:00 a.m., Ms. Haga went to use the bathroom while Mr. Sperry went outside to smoke a cigarette. During this time, Ms. Haga's four-year-old son, W.H., allegedly found Mr. Sperry's loaded nine millimeter pistol on the floor of his bedroom. When Ms. Haga emerged from the bathroom, W.H. shot Ms. Haga in the abdomen.

### B. Procedural History

In addition to Ms. Haga and Mr. Sperry, Erie's complaint also named Raymond and Linda Sperry, Mr. Sperry's parents as defendants. The complaint incorrectly stated that Raymond and Linda Sperry resided at the premises. Erie admitted in its briefing that it was mistaken in alleging that they lived at the premises, but did not provide any allegation of where they do reside. On June 17, 2013, I granted Raymond and Linda Sperry's Motion to Dismiss for lack of subject matter jurisdiction. (*See* Order [Docket 27], at 3). However, this Order incorrectly included language striking the case from the docket in its entirety. (*See id.*). On July 12, 2013, I granted Erie's Motion for Clarification of Order (*see* Order [Docket 32]), and amended the June 17 Order to state that only "the moving parties Linda Sperry and Raymond Sperry" were to be dismissed from the action

(*see* Amended Order [Docket 33], at 3). During the interim period, Ms. Haga filed Kanawha County Civil Action No. 13-C-1154 against both Mr. Sperry and Erie. (*See* Complaint [Docket 37-1]). This complaint includes a negligence cause of action against Mr. Sperry and a declaratory judgment cause of action against Erie. Ms. Haga now argues that this court should abstain from hearing this action and either dismiss or stay the instant case until the state court litigation has been resolved.

## II. Analysis

### A. Subject Matter Jurisdiction

Ms. Haga first argues Erie did not sufficiently allege facts for subject matter jurisdiction. She contends that the entire case should be dismissed for the same reason that Mr. Sperry's parents were dismissed from the case. However, there were additional relevant facts surrounding the Sperry's dismissal that are not present here. For example, Erie acknowledged that its complaint incorrectly stated the Sperrys resided at the premises, but did not specify where they are currently domiciled. This does not apply to Ms. Haga, who does not allege any factual inaccuracies in the complaint. Therefore, I **FIND** that the complaint should not be dismissed for lack of subject matter jurisdiction.

### B. Abstention

Ms. Haga next argues that this court should abstain from exercising jurisdiction over this matter, pending resolution of the state court action. Ms. Haga argues that the issues in the negligence action and declaratory judgment action are intertwined and thus should be heard together. Erie argues that the two actions depend on entirely different facts, that Ms. Haga is forum-shopping, and that abstention is not appropriate.

3

The Declaratory Judgment Act provides that, in "a case of actual controversy within its jurisdiction," a federal district court "may declare the rights and other legal relations of any interested party seeking such a declaration[.]" 28 U.S.C. 2201(a) (2012).

> The Fourth Circuit has explained that a declaratory judgment action is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It should not be used to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted. The Supreme Court explained that, when a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy can better be settled in the proceeding pending in the state court. This consideration should be guided by a number of factors, including the nature and scope of the state proceeding and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding.

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256-57 (4th Cir. 1996) (internal quotations omitted). In the Fourth Circuit, the factors to be considered include:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (iii) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (iv) whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Id.* at 257 (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir.1994)).

First, I must consider what interest the state of West Virginia has in resolving the issues raised in this case. As in *Poston*, "although only state law is at issue, the relevant state law is not problematic or difficult to apply, which weakens somewhat the state's interest in having these issues decided in state court." *Id.* at 258. Furthermore, while the parties disagree regarding whether the first-filed rule should apply given the procedural history of the instant action, the Fourth

4

Circuit has "decline[d] to place undue significance on the race to the courthouse door." *See id.* Ms. Haga argues that if this court were to make a final determination regarding insurance coverage, it would only address a portion of the issues involved in this case, as the other issues in her state court action would remain. However, Ms. Haga overlooks the fact that the legal issues involved in the negligence action against Mr. Sperry are distinct from the legal issues involved here. Only the narrow issue of whether Mr. Sperry was acting "with respect to the conduct of a business" when Ms. Haga was shot must be determined by this court. A determination of whether Mr. Sperry was engaged in a business pursuit is likely to be unrelated or only tangentially related to Ms. Haga's negligence action. This will not result, as Ms. Haga argues, in "trying a controversy by piecemeal" (Bethany Haga's Mot. to Dismiss or Stay ("Mot. to Dismiss") [Docket 37], at 6), because this action involves separate and distinct legal issues from the state court action. Therefore, West Virginia does not have a strong interest in resolving the issues raised in this case.

Second, I make note of the "concern for efficiency and judicial economy[.]" *Poston*, 88 F.3d at 258. Ms. Haga argues that a jury would have to consider the same factual issues in order to resolve both of her claims. However, I reiterate that only a single, narrow issue is before this court. Additionally, as Erie notes, Mr. Sperry is currently being defended under a reservation of rights in Ms. Haga's negligence action, and "it will be more efficient for this Court to hear and determine the narrow issue of whether Mr. Sperry was engaged in a 'business pursuit' than for the state court to sift through both the narrow coverage issue and the much broader negligence and damages issues." (Pl.'s Resp. in Opp. to Bethany Haga's Mot. to Dismiss or Stay ("Pl.'s Resp.") [Docket 38] ¶ 49).

The third factor addresses the potential for entanglement of federal and state law. The parties do not dispute that there will be no entanglement of federal and state law in this case. (*See* Mot. to Dismiss [Docket 37], at 7 ("The legal issues to be decided on coverage are not unique and have been adequately addressed by the West Virginia Supreme Court []. Therefore, the third factor is immaterial in this case."); Pl.'s Resp. [Docket 38] ¶ 50).

Fourth, I consider whether there has been any procedural fencing or forum-shopping by the parties. Erie argues that Ms. Haga's filing of the state court action was "precisely the type of 'procedural fencing' and 'forum-shopping' condemned in *Nautilus*." (Pls.'s Resp. [Docket 38] ¶ 51). Ms. Haga argues that because this court had ordered the instant action stricken from its docket, she was within her rights to seek a declaratory judgment in state court. Nonetheless, it is unnecessary for me to determine Ms. Haga's motives in filing the state court action, as none of the relevant factors persuade me that I should abstain from hearing this case.

In addition to the four factors set out by the Fourth Circuit, Ms. Haga argues that West Virginia law supports this court's abstention. For this proposition, she cites to *Christian v. Sizemore*, 383 S.E.2d 810 (1989). However, while dicta in *Christian* may support Ms. Haga's proposition, the actual issue before the court in *Christian* was "whether a plaintiff in a personal injury action may amend the complaint to add a count for declaratory judgment against an insurance carrier to determine its liability under the defendant's insurance policy." 383 S.E.2d at 629. The court's holding was "that permitting the plaintiff to amend her complaint to add a declaratory judgment count [was] consistent with the purposes of the Uniform Declaratory Judgments Act and Rule 15(a), W. Va. R. Civ. P." *Id.* at 633; *see also Walker v. Doe*, 210 W. Va. 490, 496, 558 S.E.2d 290, 296 (2001) ("Consistent with our longstanding practice, this Court will

6

use signed opinions when new points of law16 are announced and those points will be articulated through syllabus points as required by our state constitution.") (citing W.Va. Const. art. VIII, § 4). No syllabus points or language in *Christian* purported to instruct federal courts on when to abstain from hearing a declaratory judgment action—which is an issue of federal, not state, law.

Based upon the foregoing, I **FIND** that I should not abstain from hearing this case. The instant motion is a motion to dismiss *or stay*; however, Ms. Haga does not allege any facts or law specific to her request to stay the action. Therefore, I see no reason to stay this matter, and I **FIND** that this case should proceed as scheduled.

### III. Conclusion

For the reasons discussed above, Bethany Haga's Motion to Dismiss or Stay [Docket 37] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 11, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE